RORERT PERSON v. THE STATE.

No. 3701.   Decided April 22, 1908.

**Illegal Practice of Medicine—Information—Resident of County—Diploma.**

Where upon trial for the illegal practice of medicine under article 440 Penal Code, the information failed to allege that defendant resided in the county where he was alleged to have practiced, and no duty or obligation is shown requiring him to file a certificate or diploma in said county before being entitled to practice medicine therein; nor is it alleged where he resided or that in the county of his residence he had failed to record his certificate or diploma as .the law provides, the same was insufficient.

Appeal from the County Court of Burleson.   Tried below before the Hon. R. J. Alexander.

Appeal from a conviction of illegaly practicing medicine; penalty, a fine of $50.

The opinion states the case.

*J. R. Heslep, T. R. Batte* and *V. B. Hudson,* for appellant.—Whether the Act of 1901 repealed article 440 of the Penal Code, or only amended it, the requirements in article 441a should have been complied with in drawing the information. The information in this case would not be sufficient if drawn under either article 440 or 441a alone, and if the two can be resorted to and blended in drawing the information, then all that is vital in both becomes mandatory and must be complied with, and the State having wholly failed in this, we think the information is fatally defective.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—The appellant was charged by information in the County Court of Burleson County, presented at the March term of said court, with having unlawfully engaged in the practice of medicine in said county in violation of the law. He was on trial on the 3rd day of September, 1907, convicted and his punishment assessed at a fine of $50.

The appellant relies upon several grounds for reversal of the case.

Among other things, it is contended that the information fails to allege the place of residence of the defendant or where he sojourned at the time of the commission of the offense, or that the offense charged was committed in Burleson County. The information alleges that the defendant did engage in the practice of medicine for pay and as a regular practitioner in its various branches and departments and as such practitioner did prescribe for and visit patients professionally in said county without having filed with the clerk of the district court thereof a certificate or diploma as the law requires, but it does not allege that the defendant was a resident of or sojourned in Burleson County. It is also claimed that said information is insufficient in that same fails to allege that appellant was a resident of Brazos County and that he had failed or neglected to file with the clerk of said county a certificate or diploma as the law provides. The charging part of the information is as follows: "That Robert Person on or about the 15th day of January, 1907, and anterior to the presentment of this information in the said court and in the county and State aforesaid did then and there unlawfully and thence continuously up to the date of filing this information, engage in the practice of medicine for pay and as a regular practitioner in its various branches and departments and as such practitioner did prescribe for and visit patients professionally, to wit: did prescribe for and visit Frank Casso and Mary Mescutta and divers other persons unknown to affiant without having first filed for record with the clerk of the district court of said county a certificate from some authorized board of medical examiners, or a diploma from some accredited medical college." It is evident that this prosecution was under the authority, and that the offense charged was believed to be in violation of article 440 of the Penal Code. This article is as follows: "If any person shall hereafter engage in the practice of medicine in any of its branches or departments for pay, or as a regular practitioner, without having first filed for record with the clerk of the district court in the county in which such person may reside or sojourn, a certificate from some authorized board of medical examiners, or a diploma from some accredited medical college, he shall be punished as prescribed in article 438." It will be observed that the information does not allege the residence at all of appellant and that there was an utter failure and no attempt to allege that he resided in, or sojourned in Burleson County. It was evidently the purpose and intent of the Legislature that for the protection of society that all persons undertaking to practice medicine as physicians, or act as physicians, should, before being permitted so to do, be required to furnish evidence of their skill and preparation by being compelled to file in the office of the district clerk the evidence of their qualification, such instrument, either certificate or diploma, to be filed in the county of their residence, or where at the time, they were sojourning. We think it clear that where the physician had once complied with the law by filing a certificate or diploma in the county where he resides, that he would and should be permitted to accept professional

calls and practice in any adjacent county and as for that matter throughout the counties of the State where his services might be needed and that it would not be required of him that he must file such certificate or diploma where he might be called after he had, in the terms of the law, filed such diploma in the county where he resided, or where at the time he might sojourn. The information in this case does not allege that appellant resided in Burleson County and no duty or obligation is shown requiring or compelling him to file a certificate or diploma in said county before being entitled to practice medicine therein, nor does it allege where he resided or that in the county of his residence he had failed to record his certificate or diploma as the law provides. The information is, we believe, wholly insufficient and no conviction can be sustained under it. It is therefore ordered that the judgment of the court below be reversed and the cause dismissed.

*Reversed and dismissed.*

Brooks, Judge, absent.