## MRS. M. E. STILES V. THE STATE.

### No. 1655. Decided June 5, 1912.

**1.—Unlawfully Practicing Medicine—Indictment.**

Where, upon trial of unlawfully practicing medicine under article 751 to 756 inclusive, Penal Code, there was no error in overruling a motion to quash because the indictment did not allege the county of the residence of defendant and the failure to register certificate or license in said county; as such allegation is only required under article 750, Penal Code. Distinguishing Lockhart v. State, 58 Texas Crim. Rep., 80, and other cases.

**2.—Same—Sufficiency of the Evidence.**

Where, upon trial for unlawfully practicing medicine, etc., without diploma, etc., the evidence sustained the conviction there was no error.

**3.—Same—Charge of Court—Date of Offense—Carving.**

Where the information showed that the State did not carve and charged that the offense was committed on about the 1st day of September, 1911, and the court charged the jury that they were authorized to convict the defendant upon transactions occuring prior to said date within the period of limitation, there was no error, although each day of such illegal practice was a separate offense. Following Novy v. State, 62 Texas Crim. Rep., 492, and other cases.

Appeal from the County Court of Sabine. Tried below before the Hon. T. R. Smith.

Appeal from a conviction of unlawfully practicing medicine; penalty, a fine of $50 and five minutes confinement in the county jail.

The opinion states the case.

*J. H. McGowan, Goodrich & Lewis,* for appellant.—Cited cases in opinion.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—Appellant was indicted and convicted for unlawfully practicing medicine without a certificate from the

State Medical Board, or a diploma from some accredited medical college, etc.

The charging part of the information is as follows: "That heretofore, to wit, on or about the 1st day of September, A. D. 1911, in the county of Sabine and State of Texas, one Mrs. M. E. Stiles, late of said county and State, did then and there and thence continuously up to the date of filing of the complaint herein upon which this information is based, to wit, the 2d day of September, A. D. 1911, unlawfully engage in the practice of medicine for pay and as a regular practitioner of medicine, in its various branches and departments, and as such practitioner did prescribe for and visit patients professionally, to wit, did prescribe for and visit Irene Duffield and divers other persons to the person who made the affidavit upon which this information is based, and unknown to the county attorney, without first having obtained from an authorized board of medical examiners a certificate of professional qualification and without having a diploma from some accredited medical college chartered by the Legislature of the State or its authority in which said college is situated."

By the Act of 1907, page 224, the Legislature provided for a State Board of Medical Examiners, and required every person before practicing medicine to procure from it a certificate authorizing such practice or a diploma from some accredited medical school.

By article 750, Penal Code, which was section 4 of said Act, it was made unlawful for such person to practice medicine without registering a certificate or license with the district clerk of the county of his residence. This prosecution was not had under that article of the Code, but was under articles 751 to 756, inclusive, which are respectively sections 5, 6, 7, 10, 13, and 14 of said Act of 1907. These articles are so lengthy it is unnecessary to copy them in this opinion, but requires such person before practicing to get a license or have a diploma. By the last article it is provided that: "Any person practicing medicine in this State in violation of the provisions of this Act shall, upon conviction thereof, be fined in any sum not less than $50 nor more than $500, and by imprisonment in the county jail for a term not exceeding six months." And then provides that each day shall constitute a separate offense.

Appellant, by his brief, contends that this prosecution is had under said article 750, Penal Code, section 4, of the Act of 1907, and thereunder contends that it was necessary for the information to allege the county of her residence and that she had not registered her certificate or license in the district clerk's office of such county of her residence, and cites, as showing that the information in this case is insufficient under that article, the cases of Lockhart v. State, 58 Texas Crim. Rep., 80; Marshall v. State, 56 Texas Crim. Rep., 205, and Person v. State, 53 Texas Crim. Rep., 334. These cases do hold, as contended for by appellant, that the said allegations under

a prosecution under said article 750, are essential and when not alleged in the indictment, or information, it is fatally defective, but neither of said cases have any application to the information and prosecution in this case, which is, as stated above, under entirely distinct and separate articles and a different offense from that. So that the court did not err in not sustaining appellant's motion in arrest of judgment or for new trial on the claimed insufficiency of the information.

We will give a brief summary of the evidence in the case. The appellant did not testify and offered no proof. All the evidence was that by the State.

J. G. Barker testified that he got acquainted with appellant some time in the early part of the summer of 1911; that his wife was sick, and after having tried different treatments, heard of appellant's treatment of others and decided to get her to treat his wife; that she came to his house in Sabine County, stayed there the better part of two or three weeks, treated his wife, prepared medicines for her, which she took, and that he, himself, also took medicine that she prepared for him for liver complaint; that appellant prepared her own medicine so far as he knew. She gathered roots and herbs and used them in the preparation of her remedies; that appellant charged him for treating his wife and he paid her for it.

Mrs. Irene Duffield testified that Mrs. Stiles began treating her for a cancer and prepared treatment for it and gave her directions how to use it; that she used the treatment from the time the treatment first began and was still using it at the time of the trial, which occurred on September 7, 1911; that appellant charged her $27.50 for the treatment; that she, herself, did not pay this because she was not able to do so, but her daughter paid·it to appellant for her.

Lula Hawlan·testified that she first met appellant on or about September 1, 1911, in Sabine County; that on or about that date she bought from her at Walker's Hotel, Brookeland, an assortment of medicine which were remedies for different ailments that she was suffering from, and paid appellant $4 therefor. Appellant gave her written directions of how to take the medicines.

Jack Walker testified that he was conducting a boarding house, knew appellant and that she came to his boarding house in Brookeland on August 30, 1911, and remained there three days. During said time she got him to distribute a lot of circulars for her and to tell the people generally, where convenient for him to do so, that she was at his house and would treat various diseases, naming a number of them; that he did mention this to several parties, but did not remember to whom, and he distributed a lot of her circulars for her during those days.

The circular he distributed at appellant's·instance was then identified by the witness and introduced in evidence, and is as follows:

"Mrs. Dr. M. E. Stiles, treats all kinds of chronic diseases, is now

at Walker Hotel, Brookeland, Texas. I treat rheumatism, neuralgia, cancers, dropsy, piles, scrofula, catarrh, liver affections, female complaints, indigestion, eczema, bladder and kidney troubles, dyspepsia, tetter, asthma, nervous debility, St. Vitas dance, billiousness, vertigo, spinal affections, constipation, paralysis, lung troubles, if not in the last stage, old sore legs, ulcerated and granulated sore eyes, ulcerated old sore legs, epileptic fits (if not caused from deformities of malformation of the skull or self-abuse), chronic diarrhea, and all kinds of chronic diseases.

"I treat with nature's remedies only—herbs, roots, bark and flowers. I make my own medicines and am sole agent for the same. Have good testimonials to cases I have cured. Anyone wishing to consult me can call at the hotel.

Mrs. M. E. Stiles.

"Here for the next four days, or until next Sunday, September 3, at noon, I will leave for Jasper, Texas."

The witness Walker, continuing, testified that on September 1 or 2 he saw Lula Hawlan at his boarding house, and that she inquired for appellant and was shown appellant's room. Shortly afterwards he saw Lula Hawlan come out of appellant's room carrying a small package. He did not know what the package contained or whether she got it from appellant or paid her therefor.

The State then offered to prove by the records of the district clerk's office of Sabine County, Texas, that the appellant had no credentials, certificate, diploma or other authority to practice medicine in said county registered in the records of said clerk's office. Thereupon, appellant "admitted that she had not registered, nor filed, in said district clerk's office any certificate, diploma, or anything else showing her authority to practice medicine in Sabine County, Texas."

From this testimony, which is uncontroverted, it clearly and without doubt appears that the appellant practiced medicine in said Sabine County, Texas, on and before September 1, 1911, and that she so advertised herself and received pay for her practice and for medicine that she sold for the treatment of diseases.

Appellant complains of the charge of the court in that it authorized a conviction of the appellant upon transactions occurring prior to September 1, 1911, claiming that as each day of practice was a separate offense and the State having carved the first and second days of September as the days on which the offense was alleged that such charge was reversible error. An inspection of the information above quoted shows that the State did not carve either or both of those days to charge the commission of the offense, but, instead, by its terms it excluded the second day of September, 1911, and charged that the offense was committed "on or about the first day of September, 1911." It is true the State could have carved, as each day was a separate offense, and if the allegations in the information had

charged the offense was committed on that particular date and no other, then the proof and charge should have been so limited; but, in this case, instead of carving for said date of September 1, 1911, or any other specific time, embraced the whole of the period on and prior to September 1, 1911, to within the period of limitation. All this, of course, was to the appellant's advantage and not her disadvantage, and if convicted, as she was in this case, and the proof embracing a period of from the early summer of 1911, up to and including September 1, 1911, this conviction would be a bar to any and all other offenses in said county for any time within such period. Novy v. State, 62 Texas Crim. Rep., 492, 138 S. W. Rep., 140; Fleming v. State, 28 Texas Crim. App., 234; Huffman v. State, 23 Texas Crim. App., 491.

What we have said above disposes of all of the questions raised by appellant, and it is unnecessary to take up each separately and further discuss them. The judgment is affirmed.

*Affirmed.*