## R. G. Milling v. The State.

### No. 1541.  Decided October 16, 1912.

**1.—Unlawfully Practicing Medicine—Indictment—Masseur.**

It is not necessary to allege, in a prosecution for unlawfully practicing medicine, that the treatment defendant practiced was not within the particular sphere of his labors as a masseur and to negative that he did not publicly represent himself as a masseur, etc., and where the indictment followed approved precedent, there was no error in overruling the motion to quash.  Following Germany v. State, 62 Texas Crim. Rep., 276, and other cases.

**2.—Same—Charge of Court.**

Where, upon trial of unlawfully practicing medicine, the prosecution was under the second clause of the Penal Code, article 755, the court properly submitted this clause of the article in his charge.

**3.—Same—Charge of Court—Masseur.**

Where, upon trial of unlawfully practicing medicine, the court properly drew the distinction between a masseur in his particular sphere of labor who publicly represented himself as such, etc., to be exempt from the law requiring a certificate, etc., and one who practiced as a doctor or physician for pay without license as applicable to the evidence, there was no error.

**4.—Same—Masseur—Doctor—Registration—Certificate.**

One can not hold himself out as a masseur claiming to treat diseases without pay, and as a matter of fact, treat human beings for disease and disorder as a doctor and indirectly charge therefor without a certificate, registration, etc.

**5.—Same—Subterfuge—Charge of Court.**

Where, upon trial of unlawfully practicing medicine, the evidence authorized the jury to find that notwithstanding defendant advertised himself as a masseur who treated disease free of charge, but as a matter of fact, charged for treating same as a doctor under the guise and sham of charging a hotel bill and treated disease continuously and received pay therefor, and the court properly submitted these issues, there was no error.

**6.—Same—Charge of Court.**

Where the court unnecessarily charged a part of the statute which could not have, and did not in any way injuriously affect defendant, or could have mislead the jury, there was no reversible error.

**7.—Same—Variance—Words and Phrases.**

The contention that the court, in his charge, used the word "upon," instead of "over," with reference to the manipulation in defendant's treatment of his patient, there was no reversible error.

**8.—Same—Verdict—Disjunctive—Conjunctive—Words and Phrases.**

The complaint to the verdict that it used the disjunctive and not the conjunctive and the words "physician," and "doctor," and that the verdict was unsupported by the evidence on this account is untenable.

**9.—Same—Treatment—Unknown—Grand Jury.**

While the indictment alleged that the name of the treatment used by defendant was unknown to the grand jury, yet it was especially alleged and proven what said treatment was, there was no error.

**10.—Same—Precedent.**

Where, upon trial of unlawfully practicing medicine all the questions raised on appeal had been practically decided, there is no necessity to pass upon them again. Following Newman v. State, 58 Texas Crim. Rep., 223, and other cases.

Appeal from the County Court of Stephens. Tried below before the Hon. N. N. Rosenquest.

Appeal from a conviction of unlawfully practicing medicine; penalty, a fine of $50 and twenty minutes in jail.

The opinion states the case.

*A. A. Clark* and *W. P. Sebastian*, for appellant.—On question of insufficiency of indictment: Venturio v. State, 37 Texas Crim. Rep., 653.

On question of the court's charge in charging second clause of the Act: Reed v. State, 29 Texas Crim. App., 449; Whitcomb et al. v.

State, 30 id., 269; Mitchell v. State, 38 Texas Crim. Rep., 325; Higgins v. State, 38 id., 539.

On question of insufficiency of the evidence: Hellums v. State, 55 Texas Crim. Rep., 356, 116 S. W. Rep., 590.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—The appellant was indicted and convicted for unlawfully practicing medicine; his penalty was fixed at $50 fine and twenty minutes in jail.

The indictment in substance and in effect alleges that on or about November 10, 1910, appellant, who was then a resident of Stephens County, Texas, did practice in said county upon human beings without authority of law in that he did unlawfully treat a physical disease and disorder of R. L. McFall and charged him indirectly therefor $2, said treatment being given in the capacity of a physician or doctor, or both, under a system of treatment the name of which is unknown to the grand jury, which treatment consists and did then consist in performing certain physical manipulations with his hands over said McFall, without having first registered in the district clerk's office of said county his authority from the Board of Medical Examiners for so practicing together with his age, postoffice address, place of birth and school of practice to which he belonged, subscribed and sworn to as required by law, in violation of the provisions of the Act of the Thirtieth Legislature, chapter 123.

Appellant made a motion to quash this indictment on several grounds. One to the effect that the allegations simply amounted to a charge that the defendant treated said McFall as a masseur and that masseurs were exempt from said law, and that because the subjects prescribed for applicants to practice are such as to exclude, or not authorize masseurs to be examined and get a license.

In our opinion the indictment charges, on this point, the reverse of what appellant contends, in that it charges clearly that appellant practiced as a doctor or physician on human beings and unlawfully treated a disease and disorder of McFall. This court, in a well considered opinion, has expressly held that a masseur, where he wants to practice, can obtain a license from the State Medical Board, but in order to do so he must stand an examination in the subjects prescribed by the law. (Germany v. State, 62 Texas Crim. Rep., 276.) It was not necessary for the indictment, as claimed by appellant, to allege that the treatment appellant practiced was not within the particular sphere of his labors as a masseur and to negative that he did not publicly represent himself as a masseur. Newman v. State, 58 Texas Crim. Rep., 223.

Under the facts of this case it was proper for the court in his charge to the jury to quote the second clause of Penal Code, article 755, which was section 13 of the said Act. Appellant's complaint is

that the second clause of said article should not have been quoted, because the prosecution is based on the first and not on the second clause. The reverse of his contention is the fact as shown by the indictment.

The issue in this case was sharply, correctly and accurately drawn. The State alleged and proved that the appellant practiced upon human beings and treated them for disease and disorder as a doctor or physician and charged indirectly therefor without procuring and having registered a license therefor. The appellant claimed that he did not so practice, but that he practiced simply and solely as a masseur, so advertising himself. The court, both in the main charge and in the charges given at appellant's instance and the State's, clearly drew this distinction and the jury found, as they were clearly authorized by the evidence, that the appellant was practicing as alleged—not as a masseur, but as a doctor or physician. It was entirely proper, therefore, for the court to charge as he did, that masseurs in their particular sphere of labor who publicly represent themselves as such are exempt from the law requiring a certificate of their authority to be recorded before practicing that art, but that if, notwithstanding, he so represents himself as a masseur, he undertakes to cure diseases for pay and represents himself as able to cure diseases in that manner, he could not do so legally without the proper certificate registered in the clerk's office, etc. In other words, he could not hold himself out as a masseur, claiming to treat diseases without pay, and, as a matter of fact, treat human beings for disease and disorder as a doctor and indirectly charge them therefor, without a certificate registered, etc. As stated above, these issues were clearly submitted by the charge of the court and the distinctions properly drawn, and the jury, as the evidence clearly justified, found that he did treat diseases and disorders of human beings as a doctor and charged therefor indirectly, and that he did not merely treat persons as a masseur without charging therefor. Not only did the main charge of the court properly submit these questions to the jury, but, in addition thereto, gave appellant's requested charge to the effect that before they would be authorized to convict him they must be satisfied from the evidence beyond a reasonable doubt that he did practice medicine in said county, said McFall being the patient, within the period of limitation, and charged money or other valuable things for his services in said practice, and unless they so found from the evidence to acquit the defendant. Then at the State's instance the court correctly charged that if they found from the evidence that said McFall paid appellant $2 for board and lodging and did not pay him said sum for treatment of disease of the body, to find him not guilty; but if they should find, beyond a reasonable doubt, that the said $2 was in reality paid by McFall and received by defendant as payment for a treatment of disease and the understanding between them, if there was any, that the said $2 paid for board and lodging was a mere subterfuge to evade the

law, and they further found that every other allegation in the indictment was fully sustained by the proof, to find the defendant guilty. These charges, as well as the main charge of the court as stated above, correctly presented all the issues in the case and none of appellant's objections thereto are well taken. The proof clearly showed or authorized the jury to find and believe that notwithstanding he advertised himself as a masseur and to treat diseases free of charge, as a matter of fact, he charged for treating diseases as a doctor under the guise and sham of charging a hotel bill, and that instead of treating simply and solely as a masseur without pay, he treated diseases continuously and received pay therefor.

While it was not necessary in the court's main charge to quote the whole, particularly the latter part, of article 750, Penal Code (section 4 of said Act), to the effect that if the affidavit prescribed thereby was wilfully false that it would subject the applicant to conviction and punishment for false swearing, in submitting the various questions to the jury nothing whatever was submitted on that subject. The quotation of the statute, therefore, could not have, and did not in anyway, injuriously affect appellant and could not have misled the jury on the issues which were properly submitted.

Appellant's bill claiming that there is a fatal variance between the allegations in the indictment to the effect that the treatment which appellant gave McFall consisted in certain physical manipulations with his hands "over" said McFall, when the proof showed that appellant placed his hands "upon" said McFall and rubbed and manipulated his hands "upon" his body, is hypercritical and presents no error. "Upon" and "over" as alleged and proved were practically the same thing and were synonymous.

Neither is there anything in appellant's complaint that the verdict of the jury is unsupported by the evidence in that the allegation is that appellant treated a physical disease and disorder of said McFall in the capacity of a physician or doctor, or both, being in the disjunctive and not in the conjunctive. "Physician" and "doctor" are synonymous and are so understood and used, and the allegation in the indictment where these two words are used could not be considered as disjunctive allegations. Neither is there anything in appellant's complaint that the verdict is unsupported by the evidence because there was no proof that the name of appellant's treatment was unknown to the grand jury. To take the whole allegations in the indictment, while it is said therein that the *name* of the treatment is unknown to the grand jury, what it was, was particularly and specially therein alleged and proven. (Harris v. State, 37 Texas Crim. Rep., 441.)

Practically all the questions raised in this case as to the sufficiency of the indictment and the Act of the Legislature under which this prosecution was had, has been so often and repeatedly construed and passed upon by this court, that we deem it unnecessary to further

discuss any of the questions. See Newman v. State, 58 Texas Crim. Rep., 223; Dankworth v. State, 61 Texas Crim. Rep., 157; Germany v. State, 62 Texas Crim. Rep., 276; Singh v. State, 66 Texas Crim. Rep., 156, 146 S. W. Rep., 891; Stiles v. State, 66 Texas Crim. Rep., 665, 148 S. W. Rep., 326; Ex parte Collins, 57 Texas Crim. Rep., 2

The judgment will be affirmed.

*Affirmed.*