### Sam Matthews v. The State.

#### No. 2560.          Decided October 8, 1913.

#### Rehearing denied November 26, 1913.

1.—False Imprisonment—Sufficiency of the Evidence.

   Where, upon appeal from a conviction of false imprisonment, the evidence sustained the same, there was no error.

2.—Same—Indictment—Transfer—Jurisdiction—Pleading.

   Where it clearly appeared from the record that a legal grand jury of the county of the prosecution had returned into the District Court only one indictment against the defendant and the same was transferred by proper order to the County Court, a mere clerical error in the indictment as to the date of the organization of the grand jury was at most a formal defect and should have been reached by a motion to quash or plea to the jurisdiction, and not by bill of exceptions.

3.—Same—Charge of Court—Threats—General Exception.

   While it was unnecessary and improper to define threats in the court's general definition of false imprisonment, yet, in submitting the case to the jury

for a finding, nothing was submitted on that subject, there was no reversible error. Following Jones v. State, 63 Texas Crim. Rep., 394, and other cases.

**4.—Same—Defendant's Failure to Testify—Misconduct of Jury.**

Where the objection of the misconduct of the jury in discussing defendant's failure to testify was not reserved and filed during term time, the same could not be considered on appeal. Following Probest v. State, 60 Texas Crim. Rep., 608, and other cases.

Appeal from the County Court of San Augustine. Tried below before the Hon. H. K. Polk.

Appeal from a conviction of false imprisonment; penalty, a fine of $500.

The opinion states the case.

No brief for appellant on file.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, PRESIDING JUDGE.—From a conviction of false imprisonment with a fine of $500 imposed this appeal is prosecuted.

The evidence amply justified the jury to believe and find an aggravated case of false imprisonment by appellant, who was a deputy sheriff of Shelby County, to effect the collection of a claimed debt due him by Jesse Parker, the party imprisoned, and which false imprisonment succeeded in its purpose. As soon as this was accomplished, appellant released said Parker, without bond.

The indictment, in its face, after the necessary allegation, "in the name," etc., alleges, "the grand jurors for the County of San Augustine, State aforesaid, duly organized as such at the July term, A. D. 1912, of the District Court for said county, upon their oaths in said court, present," etc. It alleges the offense was committed on or about April 1, 1912. The orders of said District Court clearly show that the indictment in this case was returned into said court by the grand jury thereof in January, 1913, and that at that term the District Court by proper order transferred said indictment to the County Court of said county, wherein it was filed on January 14, 1913. The case was tried in said County Court on February 7, 1913.

Appellant did not plead to the jurisdiction of the County Court, and did not make any motion to quash the indictment. The only way he raised or attempted to raise any question on this subject is by bill of exceptions, which shows that when the case was called for trial he objected to said indictment, and being required to plead thereto, because there is nothing in the record to show it had been found by any legal grand jury of the District Court of said county, or transferred from said District Court to said County Court. To his bill, as a part of it, is attached the order of said District Court as to the grand jury, return of said indictment, and transfer thereof to the County Court as given above.

From all this, it is clear that the legal grand jury of said county found and returned into said District Court, properly, only one indict-

ment against appellant, charging him with the offense of which he was convicted, and that the same was properly transmitted by the district clerk on the proper order of transfer from the District Court to the County Court, and that he was properly tried on that indictment, and no other. The statement in the indictment that the grand jury was organized at the July term, 1912, or that the indictment was marked filed in the District Court July 9, 1912, if so, would, at most, be but formal defects; and should have been treated as surplusage, and could and should have been corrected, as such formal defects, if appellant had either plead to the jurisdiction, or made a motion to quash on either or both those grounds. C. C. P., arts. 451, 576, 597; Osborne v. State, 24 Texas Crim. App., 398; Grayson v. State, 35 Texas Crim. Rep., 629; Murphy v. State, 36 Texas Crim. Rep., 24; Luster v. State, 63 Texas Crim. Rep., 541. For further collation of some of the cases, see Branch's Crim. Law, secs. 883, 888 and 905, and White's Ann. C. C. P., sec. 566.

While appellant's exception "to the portion of the main charge as to threats because there is no evidence of threats in the case to justify the charge" may point out no specific error, and is on that account too general to require consideration (Byrd v. State, 151 S. W. Rep., 1068), yet, if considered, it presents no reversible error. It was unnecessary, and we may say, improper, for the court in giving the jury the statutory definition of the offense to also quote article 1042, P. C., defining threats in connection therewith. Still, in submitting the case to the jury for a finding, nothing was submitted on that subject, but the case was submitted only on the false imprisonment alleged and proven. The charge complained of could not have misled the jury, nor injured appellant, as frequently held by this court. Reynolds v. State, 58 Texas Crim. Rep., 273; Railsback v. State, 53 Texas Crim. Rep., 542; Keeton v. State, 59 Texas Crim. Rep., 316; Jones v. State, 63 Texas Crim. Rep., 394; Milling v. State, 67 Texas Crim. Rep., 551, 150 S. W. Rep., 434.

Under the law, and uniform holding of this court, appellant's contention that the jury was guilty of misconduct in discussing his failure to testify, if it did, can not be considered, because the evidence heard on this issue by the lower court was not preserved, and filed during term time. Probest v. State, 60 Texas Crim. Rep., 608, and cases there cited; Patterson v. State, 63 Texas Crim. Rep., 297. It is needless to cite the many other cases.

It is unnecessary to state or discuss any other question raised in this case. None of them present any error.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied November 26, 1913.—Reporter.]