## STEVE HAVARD v. THE STATE.

### No. 3078. Decided April 22, 1914.

#### 1.—Manslaughter—Continuance—Bill of Exceptions.

Where the qualification of defendant's bill of exceptions showed no error in overruling defendant's motion for continuance, there was no error.

#### 2.—Same—Jury and Jury Law—Challenge.

Where the record on appeal showed that the juror objected to was qualified to try the case, and no sufficient reason is stated why any juror who served on the case was prejudicial to defendant, and the juror objected to was peremptorily challenged, there was no error.

#### 3.—Same—Misconduct of Jury—Discretion of Court.

Where the evidence, upon the motion of the misconduct of the jury, is not included in the record and it is questionable whether the affidavits attached to the motion for new trial presented the matter correctly, there was no error in overruling said motion.

#### 4.—Same—Charge of Court—Motion for New Trial.

Where the record only contained general objections because the court failed to give requested charges, and besides the same were contained in the main charge, there was no error.

Appeal from the District Court of Angelina. Tried below before the Hon. L. D. Guinn.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Mantooth & Collins* and *E. B. Robb,* for appellant.—On question of misconduct of jury: Clements v. State, 69 Texas Crim. Rep., 369, 153 S. W. Rep., 1137; Morawaitz v. State, 49 Texas Crim. Rep., 366, 91 S. W. Rep., 227; Casey v. State, 51 Texas Crim. Rep., 433, 102 S. W. Rep.,

725; Horn v. State, 50 Texas Crim. Rep., 404, 97 S. W. Rep., 822; Dunn
v. State, 71 Texas Crim. Rep., 89, 161 S. W. Rep., 467.

*C. E. Lane,* Assistant Attorney General, and *Beeman Strong,* District
Attorney, for the State.—On question of challenge for cause: Thomp-
son v. State, 163 S. W. Rep., 973.

On question of misconduct of jury: Sharp v. State, 71 Texas Crim.
Rep., 633, 160 S. W. Rep., 369; Matthews v. State, 71 Texas Crim. Rep.,
374, 160 S. W. Rep., 1185; Patterson v. State, 63 Texas Crim. Rep., 297;
Probest v. State, 60 id., 608.

HARPER, JUDGE.—Appellant was convicted of manslaughter and
his punishment assessed at two years confinement in the State peni-
tentiary.

This is the second appeal in this case, the opinion on the former ap-
peal being reported in 55 Texas Crim. Rep., 213, and we do not deem
it necessary to again make a statement of the evidence.

In the first bill appellant complains of the action of the court in over-
ruling his application for a continuance. In approving the bill the
court states: "This bill of exception was presented to me on February
24, 1914, for my approval, and after being examined by me is approved
with the following qualification: The indictment in this case was re-
turned in the year 1907, and since the returning of the indictment the
case has been tried four times, including this trial, and has been con-
tinued by agreement a number of times, and the State having contested
the diligence as to the witnesses named in this bill of exception, I found
upon examination of the record that the defendant had not used the
diligence required by law to secure the attendance of those witnesses."
The appellant accepts the bill as thus qualified; no process is attached
to the motion for a continuance, and none included in the bill, and under
such circumstances, the court finding that diligence had not been used
to secure the attendance of the witnesses, the court did not err in over-
ruling the application.

In the next bill it is contended that the court erred in not sustaining
appellant's challenge for cause as to Mr. Baird, who was on the jury
panel. Appellant peremptorily challenged this juror and he did not serve
on the jury, and no sufficient reason is stated why any man who served on
the jury was prejudicial to appellant, and this bill for this reason presents
no error. In addition, in approving the bill the court states: "This bill of
exception was presented to me on the 24th day of February, 1914, for
my approval, and after having been examined by me it is approved with
the following qualification: The juror, T. B. Baird, in answer to ques-
tions propounded stated, that the opinion he had was formed from hear-
say and not from discussing the case with any witness or witnesses in
the case, and he stated that he could, and if taken upon the jury would
entirely disregard said opinion and try the case under the law and evi-
dence, and that he felt no hesitancy in stating that he could try the case

as fairly and impartially to both the State and the defendant as if he had heard nothing whatever about the case." As thus qualified, Mr. Baird, under the Code, was a qualified juror.

In another bill it is shown that appellant contends that the court erred in not granting a new trial on account of the misconduct of the jury. The court in approving the bill shows that he heard evidence on the motion for a new trial and overruled it. This evidence is not included in the bill, nor is it included in the record in any manner, shape or form. Without the evidence it is impossible for us to tell whether or not the court erred in the premises. Patterson v. State, 63 Texas Crim. Rep., 297; Probest v. State, 60 Texas Crim. Rep., 608; Vick v. State, 71 Texas Crim. Rep., 50, 159 S. W. Rep., 50; Sharp v. State, 71 Texas Crim. Rep., 633, 160 S. W. Rep., 360; Matthews v. State, 71 Texas Crim. Rep., 374, 160 S. W. Rep., 1185, and· cases cited. In addition to no evidence being included in the bill, we are inclined to the opinion that, in the case of Arnwine v. State, 54 Texas Crim. Rep., 213, had the evidence been included in the record, and it left questionable whether or not the affidavits attached to the motion presented the matter correctly, the law has been decided adversely to appellant's contention, as he received the lowest penalty for manslaughter. Any way, as the evidence is not included in the record, we can not review the matter.

No objection was made to. the charge as given during the trial of the case, and none is made in the motion for new trial, other than that the court erred in failing to give some special charges requested by appellant. In so far as these charges are the law, the court's charge fully covered same, and the judgment is affirmed.

*Affirmed.*

Davidson, Judge, absent at consultation.