BYRON L. BLACK v. THE STATE.

No. 5456.   Decided November 19, 1919.

1.—Illegal Practice of Medicine—Registration.

Where, upon trial of a violation of unlawful practice of medicine, by failing to register with the district clerk in the county of the prosecution in the manner and form provided by law, the evidence sustained the conviction, there is no reversible error.

2.—Same—Constitutional Law—Statutes Construed.

The Act of the Legislature, chapter 6, title 12, Vernon's Penal Law, etc., *regulating* the practice of medicine is constitutional and includes all persons who shall treat, or offer to trat any disease or disorder, mental or physical, or any physicial deformity or injury, by any system or method, or to effect cures thereof, and charge therefor directly or indirectly money or any other compensation. Following: Ex parte Collins, 57 Texas Crim. Rep., 2, and other cases.

**3.—Same—Information—Pleading.**

Where, upon trial of unlawfully practicing medicine, the information followed almost literally the language of the statute, and conformed to the rules of pleading, the same was sufficient..

**4.—Same—Requested Charge.**

Upon trial of unlawfully practicing medicine, the requested charge was not applicable to the law and facts of the case, the same was properly refused.

Appeal from the County Court of El Paso. Tried below before the Hon. E. B. McClintock, judge.

Appeal from a conviction of unlawfully practicing medicine; penalty, a fine of $250, and one day confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*E. A. Berry,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—This appellant· was indicted and convicted in the County Court of El Paso County, Texas, of unlawfully practicing medicine, and punished by a fine of $250 and one day in jail.

In 1907 the Legislature passed an Act making it unlawful for any one to practice medicine upon human beings in this State, without registering with the District Clerk in the manner and form provided by said Act, the same being Chapter 6, Title 12, of Vernon's Penal Code. By the terms of Article 755 of said Chapter, is defined what is meant by "practicing medicine" within the proscription of said state. Subdivision 2 of said last named Article, is as follows:

"(2) Or who shall treat, or offer to treat any disease or disorder, mental or physical, or any physical deformity or injury, by any system or method, or to effect cures thereof, and charge· therefor, directly or indirectly, money or other compensation."

This Act has often been before this Court for construction. It has been held constitutional both by this Court and the Supreme Court of the United States:—Ex parte Collins, 57 Tex. Crim. Rep., 2; 223 U. S., 288.

It has been held to apply to a masseur.—Milling v. State, 67 Texas Crim. Rep., 551, 150 S. W. Rep. 434. Also to an osteopath.— Ex parte Collins, supra. Also to one who claimed to cure by means of laying on of hands and prayer.—Singh v. State, 66 Texas Crim. Rep., 156, 146 S. W. Rep., 891; and this wholly regardless of whether such persons claimed to be ·physicians and practitioners of medicine or not.

It is entirely undisputed in this record that appellant had and maintained offices where he treated any and all persons, who might apply to him, for various and sundry disorders and diseases, for

compensation; and that he had not registered with the district clerk of El Paso County, as required by the provisions of said Chapter 6, supra. The particular act and treatment charged in the instant case was fully established as alleged.

The complaints of appellant that the information is insufficient, are not sustained by an examination of that instrument, which follows almost literally the language of the statute in both counts. Where there are various ways set forth in a statute by which an offense may be committed, if the pleader desires to allege more than one of such ways, it is proper that the various methods be charged conjunctively.

The special charge, as asked for, was properly refused. The provisions of Subdivision 2, Article 755, *supra*, are broad enough to comprehend and forbid the practice by appellant of the acts testified about. With the wisdom or unwisdom of such law, we have nothing to do. It is on our statute books. It has evidently been violated, and this Court has no option but to declare the law as it is written by the Legislature and as we find it.

No error appearing in the record, the judgment of the trial court is affirmed.

*Affirmed.*