### JACK GARDNER V. THE STATE.

No. 19488.   Delivered March 30, 1938.
Rehearing denied May 18, 1938.

The opinion states the case.

*George H. Cavanagh,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Conviction is for violation of the Medical Practice Act; punishment, a fine of $50.00 and confinement in the county jail for one day.

When the case was called for trial, appellant entered a plea of not guilty, waived a jury and agreed to submit the issues

raised by the testimony to the court for determination. The only question on appeal is the sufficiency of the evidence to justify and sustain his conviction.

The record shows that appellant did not have a license or certificate to practice medicine, but maintained an office in the West Building in the city of Houston, Harris County, Texas, where he practiced his occupation. On the 1st day of June, 1933, he treated one Joseph Lato for a physical deformity. Lato testified that in the pursuit of his occupation, he had used a loupe for many years, a type of magnifying glass which fitted over the eye; that from constant use thereof, the muscles over and under his eye had become stretched, causing the skin and flesh to sag down. He testified that he went to see appellant at his place of business; that appellant told him he could remove the surplus flesh and remedy said defect for $75. That appellant placed him in a chair and put some "stuff" around his eye which smelled like chloroform, stating that it would kill the pain. A strong acid was then placed around his eye which burned and caused a swelling, almost closing his eye. That he continued said treatment for about four weeks. The witness paid appellant the $75 for said treatments. See Article 739, P. C., as amended in 1931.

Appellant's testimony was to the effect that he had a license to practice cosmetology in Texas and was pursuing his avocation at the time Lato came to see him. That he used no chloroform or acid on him, but only a beauty peel purchased by him at a drug store.

Section 2 of Article 741, P. C., defines what constitutes a practice of medicine, and we believe that the State's testimony brings appellant within the purview of the law. See Hicks v. State, 227 S. W. 302; Black v. State, 216 S. W. 181.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Our re-examination of the record in the light of the appellant's motion for rehearing leaves us of the opinion that the proper disposition of the case was made upon the original submission. The motion for rehearing is therefore overruled.