## TOM MARSHALL v. THE STATE.

### No. 4006.   Decided May 12, 1909

**Unlawfully Practicing Medicine—Indictment.**

Where the indictment charging the unlawful practicing of medicine failed to allege that defendant practiced for hire, and that he failed to file his certificate in the county of his residence, the same was insufficient.

Appeal from the County Court of Wilson. Tried below before the Hon. H. B. Gouger.

Appeal from a conviction of unlawfully practicing medicine; penalty, a fine of $100 and ninety days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of unlawfully prac-

ticing medicine and his punishment assessed at a fine of $100 and ninety days imprisonment in the county jail.

The charging part of the indictment is as ' follows: ". . . in the county of Wilson and State of Texas, did then and there unlawfully engage in the practice of medicine upon a human being, to wit: upon Mrs. T. Duke, without first having registered in the office of the district clerk of the county of his residence, his authority for so practicing medicine, as required by law. . . ."

The Assistant Attorney-General suggests that the indictment is defective on the ground that the indictment should have alleged that appellant practiced for hire. Second, same should have stated the county of residence of appellant and his failure to file certificate in said county. See Act Thirtieth Legislature, page 227, section 13. We think the indictment is insufficient as suggested by the Assistant Attorney-General. The judgment is accordingly reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*