### J. J. LOCKHART v. THE STATE.

No. 359.    Decided January 26, 1910.

**Illegal Practice of Medicine—Indictment—County of Residence.**

Where upon trial of illegally practicing medicine, the indictment failed to allege that the county in which the alleged practice took place was the county of defendant's residence where the law required that a verification of license should be filed, the same was insufficient. Following Marshall v. State, 56 Texas Crim. Rep., 205.

Appeal from the County Court of Cherokee. Tried below before the Hon. R. L. Robinson.

Appeal from a conviction of illegally practicing medicine; penalty, a fine of $50 and one day confinement in the county jail.

The opinion states the case.

*Norman & Shook,* for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—The charging part of the indictment avers that appellant "did then and there unlawfully engage in the practice of medicine for pay and as a regular practitioner in its various

branches and departments, and as such practitioner did prescribe for and visit patients professionally, to wit: Did prescribe for and visit Mrs. Hattie Sessions, without having first filed for record with the clerk of the District Court of said county, a certificate from some authorized board of medical examiners, and without having filed for record with the clerk of the District Court of said county a verification license from the State board of medical examiners for the State of Texas, against the peace and dignity of the State."

Motion to quash and motion in arrest of judgment were both urged to the insufficiency of the indictment. Among other things, the motion in arrest of judgment attacks the indictment because it fails to allege that Cherokee County was the county of appellant's residence, and that the indictment is vicious for this reason inasmuch as the law requires that a verification license shall be filed for record in the county of the physician's residence. This point is well taken. See Marshall v. State, 56 Texas Crim. Rep., 205, 119 S. W., 310.

The judgment is reversed and the prosecution is ordered dismissed.

*Reversed and dismissed.*