### J. J. Lockhart v. The State.

No. 358. Decided January 26, 1910.

**Illegal Practice of Medicine—Indictment—Residence.**

Where upon trial of illegally practicing medicine in the county of the prosecution, the indictment failed to allege either that defendant resided in said county, or that his license or authority to practice medicine was not recorded in the district clerk's office of the county of his residence, the same was insufficient. Following Marshall v. State, 56 Texas Crim. Rep., 205.

Appeal from the County Court of Cherokee. Tried below before the Hon. R. L. Robinson.

Appeal from a conviction of illegally practicing medicine; penalty, $50 and one day confinement in the county jail.

The opinion states the case.

*Norman & Shook,* for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, JUDGE—Appellant was tried in the court below for unlawfully practicing medicine. A jury being waived, the case was tried before the court, appellant convicted and the punishment assessed at $50 fine and one day imprisonment, from which he has appealed to this court and seeks a reversal on the ground that the bill of indictment charges no offense against the law. The indictment charges that appellant on or about the 15th day of May, 1909, and anterior to the presentment of the indictment in the county of Cherokee and State of Texas, did unlawfully engage in the practice of medicine for pay and as a regular practitioner of medicine in its various branches and departments and as such practitioner did prescribe for and visit patients professionally, to wit: did prescribe for and visit one Mollie Hunt without having first filed for record with the clerk of the District Court of said county a verification license and without having filed for record with the clerk of said District Court any license issued by some authorized board of medical examiners.

Appellant, in the court below, moved to quash the indictment because it failed to allege that appellant had not filed a verification license with the clerk of the District Court of the county where he resided, and failed to allege that appellant resided in the county of Cherokee. Section 4 of the Act of the Thirtieth Legislature regulating the practice of medicine, provides that after the passage of said Act it shall be unlawful for anyone to practice medicine in any of its branches within the limits of this State who has not registered in the District Clerk's office of the county in which he resides, his authority for so practicing. And Section 6 provides that within one year after the passage of the Act all legal practitioners of medicine within the State, who, practicing under the provisions of previous laws, or under diplomas of legal colleges, shall present to the board of examiners for the State of Texas, documents or transcripts of documents, showing the existence or the validity of the diplomas of valid and existing license issued by boards heretofore, and thereupon shall receive from said board verification license "which shall be recorded in the district clerk's office in the county in which the licentiates may reside." And Section 14 prescribes the penalty for failing so to do. So, it will be seen by the sections above quoted, that the offense is in failing to register his authority to practice, in the

office of the district clerk of the county in which he resides and in failing to have recorded in the district clerk's office his verification license in the county in which he may reside. An inspection of the indictment in this case shows that the pleader omitted to allege either that appellant resided in Cherokee County, or that his license or authority to practice medicine was not recorded in the district clerk's office of the county of his residence. This omission makes the indictment invalid and the court below erred in failing to sustain appellant's motion to quash the indictment. See Marshall v. State, 56 Texas Crim. Rep., 205; 119 S. W. Rep., 310.

For the error indicated the judgment of the court below is reversed and the cause dismissed.

*Reversed and dismissed.*