BETTIE SMITH v. THE STATE.

No. 2409.   Decided April 16, 1913.

1.—Perjury—Oath—Deputy Clerk.

Where, upon trial of perjury, the State introduced the record showing the deputation of the deputy county clerk and which sufficiently established that the person administering the oath upon which the perjury was based had been legally appointed a deputy county clerk and had administered the oath to the defendant as such officer, there was no error.

2.—Same—Evidence—Testimony on Former Trial.

Where the perjury was based on the fact that defendant swore that her husband did not strike her with a stick at the time named, which said statement was material to the issue involved in the trial in which defendant was a witness, evidence that she testified falsely to this issue was admissible, but testimony as to other matters on said other trial was inadmissible.

3.—Same—Rule—Witnesses—Discretion of Court.

The practice of putting the witnesses under the rule is within the sound discretion of the trial judge, and, in the absence of abuse of such discretion, there was no error; besides, it was not shown as to what the witnesses testified to.

4.—Same—Evidence—Declarations of Defendant.

Upon trial of perjury, there was no error in permitting a physician to testify that he examined defendant on the day it was alleged her husband struck her, and what she told him as to this, the perjury being based on the false testimony that her husband did not strike her with a stick; this and other testimony as to what defendant said with reference thereto was admissible.

5.—Same—Indictment—Motion in Arrest of Judgment—Name of Defendant.

Where, by inadvertence, another name occurred near the close of the indictment, instead of the defendant's name, and such allegation did not render the indictment uncertain and could not have misled the defendant, there was no error. Following Wampler v. The State, 28 Texas Crim. App., 352, and other cases.

6.—Same—Evidence—Bills of Exception.

In the absence of bills of exception, the admission and rejection of testimony cannot be considered on appeal.

7.—Same—Charge of Court.

Where, upon trial of perjury, no special charge was requested and the charge of the court was sufficient, there was no reversible error.

Appeal from the District Court of Nacogdoches. Tried below before the Hon. Jas. I. Perkins.

Appeal from a conviction of perjury; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of perjury. In the trial of her husband, appellant appeared and testified, being sworn by Clifton Wells, who it is alleged was deputy clerk of the County Court of Nacogdoches County. The county clerk, Mr. O. F. Baxter, appeared and testified that he had appointed Clifton Wells his deputy. That the deputation had been mislaid, but he thought it was in his office, and probably could be found, although he had looked and failed to find same. He produced the record of deputation wherein was recorded the deputation of Mr. Wells, which was introduced in evidence. It appeared therefrom that the deputation had been acknowledged by Mr. Baxter before J. F. Perritt, Justice of the Peace and ex officio Notary Public. The oath was administered to Mr. Wells also by this officer. All this testimony was objected to by appellant on various grounds, all of which are stated in the bills of exception. Article 1748 of the Revised Statutes authorizes clerks of the County Court to appoint deputies, and requires such deputation to be recorded in his office, and deposited with the clerk of the District Court, and chapter 4 of title 53 of the Revised Statutes authorizes this record and copies thereof to be introduced in evidence. Chapter 1 of title 41, provides for election and qualification of Justices of the Peace, and article 2287 provides that each Justice of the Peace shall be commissioned as an ex officio Notary Public. Title 2 of the Revised Statutes authorizes Justices of the Peace to administer oaths, affidavits and affirmances, consequently *none* of these bills present error, and the court did not err in admitting the record of the deputation in evidence, and it sufficiently established that Mr. Wells had been legally appointed a deputy County Clerk, and the oath administered by him was binding. The deputation while not expressed in the best language, yet was sufficient in law.

The indictment in this case alleged that appellant had sworn in the trial of her husband that he, Walker Smith, did not strike her with a stick at the time named, which said statement was material to the issue involved in said trial, when in truth and in fact said Walker Smith did strike the appellant with a stick, which fact she well knew. All testimony which would go to show that she did or not so testify on the trial of Walker Smith would be admissible, but the testimony of witnesses as to other matters testified about on that trial would be irrelevant and immaterial, and the court did not err in so holding and excluding such evidence. The issue in this case was, did she so testify and was

it true or false, and these other matters sought to be inquired about would shed no light on that issue, but would only tend to mystify and becloud the real issues in the case.

It appears that the Hon. F. P. Marshall, County Judge, J. L. Burrows, Constable, and O. F. Baxter, County Clerk, were used by the State as witnesses in the case, and although the rule had been demanded, these witnesses were by the court excused from the rule. This is a matter within the sound discretion of the trial judge, and in the absence of anything showing that his action in this instance was an abuse of this discretion, these bills present no error. In addition to this, in neither of these bills is it shown what either of the witnesses testified to; so it is not presented in a way which would authorize us to review the matter, or judge whether or not the court did abuse his discretion.

That Dr. Lockey examined appellant on the day it was alleged her husband struck her, and what she then told him would clearly be admissible in this case when she was on trial. Appellant's objections might be sound if Walker Smith was on trial, but in this case Bettie Smith was on trial, and her statements, when not under arrest, would certainly be admissible against her. It was also proper to permit Judge Marshall to testify what appellant told him, as it all tended to show that she had sworn falsely on the trial of Walker Smith when she testified he did not strike her.

The court did not err in overruling the motion in arrest of judgment. The fact that the words "Bettie Miles" were used at one place in the indictment where it was intended to say "Bettie Smith" does not render the indictment uncertain, nor could it have misled the appellant. The indictment had alleged that the offense was committed by appellant, naming her, by testifying to certain facts on the trial of Walker Smith, which said statements were false, and after naming her as Bettie Smith at least a dozen times in the indictment, to, at near the close of the indictment, inadvertently call her "Bettie Miles," but *following* it with an allegation again giving her her correct name, does not vitiate the indictment; especially is this true when the sentence containing the incorrect name can be treated as surplusage, and sufficient still remain to charge the offense. Wampler v. State, 28 Texas Crim. App., 352; Musquez v. State, 41 Texas, 226; Bartley v. State, 47 Texas Crim. Rep., 41; Chessley v. State, 74 S. W. Rep., 548; Eddison v. State, 73 S. W. Rep., 397.

There are several matters complained of in the motion in regard to admitting and rejecting testimony to which no bills of exception were reserved; at least the record before us contains no such bills, consequently the matters are not presented in a way we can review them.

No special charges were requested and we have carefully reviewed those grounds in the motion complaining of the charge of the court and none of them present error.

The judgment is affirmed.

*Affirmed.*