### B. F. Byrd v. The State.

No. 2835.   Decided December 17, 1913.

**1.—Unlawfully Practicing Medicine—Indictment.**

Where, upon trial of unlawfully practicing medicine, the indictment followed approved precedent, the same was sufficient.

**2.—Same—Constitutionality of Law.**

The Act of the Thirtieth Legislature, approved April 17, 1907, with reference to the illegal practice of medicine, is constitutional. Following Ex parte Collins, 57 Texas Crim. Rep., 2, and other cases.

**3.—Same—District Clerk—Words and Phrases.**

Where the indictment charged the defendant with unlawfully practicing medicine without first having registered in the office of the district clerk a certificate, etc., a contention that the indictment should have alleged a failure to file a certificate with the clerk of the District Court, etc., is without merit.

**4.—Same—Indictment.**

Where the indictment for unlawfully practicing medicine followed substantially, if not literally, that part of the statute which defines the offense, the same was sufficient. Following Singh v. State, 66 Texas Crim. Rep., 156, and other cases.

**5.—Same—Indictment—Diploma—Surplusage.**

Under the Act of 1907, a diploma may be used as evidence before the board of examiners, but does not in itself give authority to practice medicine. Therefore, the words in the indictment, "or a diploma from some accredited medical college," must be regarded as surplusage, and the indictment was sufficient.

**6.—Same—Disjunctive.**

See opinion holding that even if the allegation in said indictment complained of should be held to have used the disjunctive, the same is, nevertheless, sufficient.

**7.—Same—Sufficiency of the Evidence.**

Where, upon trial of unlawfully practicing medicine, the evidence sustained the conviction, there was no error.

Appeal from the County Court of Delta. Tried below before the Hon. J. N. Viles.

Appeal from a conviction of unlawfully practicing medicine; penalty, a fine of $50 and one day confinement in the county jail.

The opinion states the case.

*Sturgeon & Beauchamp,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was indicted, tried and convicted for unlawfully practicing medicine, without registering his certificate authorizing him to so practice in the office of the District Clerk for Delta County, Texas, and his punishment fixed at a fine of $50 and confinement for one day in the county jail.

After the necessary formal part of the indictment, it charges that appellant on or about March 1, 1913, and before the indictment was presented, "in the County of Delta, and State of Texas, did then and there unlawfully engage in the practice of medicine and offer to engage in the practice of medicine for hire upon a human being, to-wit: upon Lem Freeman, without having registered in the office of the district clerk of the County of Delta, and State of Texas, the said County of Delta and State of Texas, being the county of residence of the said B. F. Byrd, a certificate from some authorized board of medical examiners, *or a diploma from some accredited medical college,* contrary to the form of statute in such cases made and provided, and against the peace and dignity of the State."

Appellant moved to quash this indictment on these grounds: 1. It is ambiguous, uncertain and indefinite in that it does not apprise the defendant of the offense for which he is being prosecuted in such manner

as to enable him to defend therein. 2. It charges the defendant with the offense of practicing medicine and offering to engage in the practice of medicine without first having registered, in the office of the district clerk, a certificate from some authorized board of medical examiners, without alleging what district clerk it refers to. Since there are many district clerks in Delta County he is unapprised by the allegation what district clerk is therein referred to. It should read "without filing a certificate with the clerk of the District Court of Delta County, Texas," "instead" of district clerk. 3. It charges him with the offense of practicing medicine without a certificate from some authorized board of medical examiners, *or* a diploma from some accredited medical college. Said allegation is disjunctive and not conjunctive and does not apprise him whether he is being prosecuted for not filing a certificate, or for not filing a diploma and does not apprise him of which one. 4. The Act of 1907, under which he is prosecuted is unconstitutional, indefinite, and uncertain, in that it does not describe definitely and intelligently before whom certificates or diplomas required therein shall be registered. 5. It does not allege that he at the time and prior thereto publicly professed to be a physician or surgeon or publicly offered to be a practicing physician.

The Act of the Thirtieth Legislature, approved April 17, 1907, p. 224, has so many times been held constitutional that we deem it unnecessary to further discuss its constitutionality, or cite all of the cases. But see Ex parte Collins, 57 Texas Crim. Rep., 2; Dankworth v. State, 61 Texas Crim. Rep., 157; Germany v. State, 62 Texas Crim. Rep., 276; Collins v. State, 223 U. S., 288, 56 L. Ed., 439. It will be observed that the only ground of unconstitutionality urged is that the law does not definitely and intelligently describe before whom certificates shall be registered. The fact that the Act requires the physician to register his certificate to practice medicine "in the district clerk's office of the county in which he resides" in section 4 of the Act, Penal Code, article 750, and that the next section or article makes it the duty "of the district clerk of each county in this State to purchase a book, etc.," in which to register such license, instead of, as appellant claims, that he should be designated as "the clerk of the District Court," is certainly very hypercritical and could mislead no one, and is definite and certain in that the clerk of the District Court is meant, if there is any difference between the "clerk of the District Court," and the "district clerk" of a given county. Appellant's contention as to the unconstitutionality of the Act on this ground, and that the indictment is fatally defective because thereof, is wholly without merit.

The article of the statute under which appellant was convicted is as follows: "It shall be unlawful for any one to practice medicine, in any of its branches, upon human beings within the limits of this State who has not registered in the district clerk's office of the county in which he resides, his authority for so practicing, as herein prescribed, together with his age, postoffice address, place of birth, school of practice to

which he professes to belong, subscribed and verified by oath; which, if wilfully false, shall subject the applicant to conviction and punishment for false swearing as provided by law. The fact of such oath and record shall be indorsed by the district clerk upon the certificate. The holder of the certificate must have the same recorded upon each change of residence to another county, and the absence of such record shall be prima facie evidence of the want of possession of such certificate."

As to the appellant's fifth ground to quash, it will be noted that the indictment herein follows substantially, if not literally, that part of the statute defining the offense. This court has already, in effect, decided that question against appellant. Singh v. State, 66 Texas Crim. Rep., 156, 146 S. W. Rep., 891. In the Singh case is cited and quoted Antle v. State, 6 Texas Crim. App., 202, as follows: " 'As a general rule, it is sufficiently certain to describe an offense in an indictment in the language of the Act creating the offense,' and again: 'We are of the opinion that the information charges the offense in substantially the language of the statute which creates the offense; that it is sufficient to charge that the accused did practice medicine, and that it is not' required that the particular branch or department of medicine be set out in the information; that, the indictment or information charging the practice of medicine, it would be supported by proof of engaging in the practice of medicine in any of its branches, or departments, the act being otherwise unlawful.' " The decision in the Antle case has been expressly approved, as shown by Rose's Notes, vol. 5, p. 8, in the following cases: Benham v. State, 116 Ind., 112; Parks v. State, 159 Ind., 211; People v. Phippin, 70 Mich., 6; State v. Dent, 25 W. Va., 1; Eastman v. State, 109 Ind., 278. Our statute is, that "when a statute creating or defining any offense uses special or particular terms, an indictment on it may use the general term, which, in common language, embraces the special term." Art. 461, C. C. P. Also art. 474, C. C. P., prescribes: "Words used in a statute to define an offense need not be strictly pursued in the indictment; it is sufficient to use other words conveying the same meaning, or which include the sense of the statutory words." We think the indictment is amply sufficient and that it is not ambiguous, uncertain and indefinite, and apprises appellant of the offense for which he is being prosecuted. Our statute requires only such certainty as will enable the accused to plead the judgment that may be given upon it in bar of any other prosecution for the same offense (Art. 453, C. C. P.), and says it shall be deemed sufficient if it charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged and enable the court on conviction to pronounce the proper judgment. Art. 460 C. C. P.

We come now to discuss the only other ground of appellant's motion to quash,—his third. Before the enactment of said Act of 1907, article

440, Penal Code, was: "If any person shall hereafter engage in the practice of medicine in any of its branches or departments for pay, or as a regular practitioner, without having first filed for record with the clerk of the District Court in the county in which such person may reside or sojourn, a certificate from some authorized board of medical examiners, or a diploma from some accredited medical college, he shall be punished, etc." Judge White, in section 775, under this article of his Annotated Penal Code, lays down a form for an indictment, and expressly uses *"or"* instead of *"and"* as contended is wrong by appellant in this case. His form, in that respect is: "Without having first filed for record with the clerk of the District Court of said county a certificate from some authorized board of medical examiners, *or* a diploma from some accredited medical college." This form was doubtless expressly laid down by Judge White, under the correct principle of law announced by Mr. Branch in his Criminal Law of Texas, subdivision 3, section 907, as follows: "If the gist of the offense is the failure to do something which it is the defendant's duty to do,—such as the practice of medicine or dentistry without taking out a license or certificate,—the allegations should follow the statute and use the word 'or.' The word 'or' is proper here because the doing of either would excuse defendant and he would not be required to do both." We adopt and approve this principle so tersely, lucidly and plainly laid down by Mr. Branch.

However, it is not necessary to rest the decision of this question on the principle Mr. Branch lays down. It will be noted that said article 440 of the Code, before the 1911 revision, and the said article in Judge White's Annotated Penal Code, that a practicing physician was not guilty of the violation of that law, if he did either of two things, first, file for record with the district clerk a certificate from some authorized board of medical examiners; *or,* second, file for record with said clerk a diploma from some accredited medical college. The law then expressly authorized one to practice simply and solely by having the diploma above noted and having that recorded. The present Act of 1907, expressly does away with the second exception above noticed. Under this present law no one can legally practice medicine in this State, unless he has one or the other of two certificates from the board of medical examiners and properly records that. Collins v. State, 223 U. S., 288 (56 L. Ed., 439) ; Collins v. State, 68 Texas Crim. Rep., 354, 152 S. W. Rep., 1047. The first certificate is one granted by the board on a personal examination. The other is the verification license or certificate which is provided to be issued to him under certain conditions without his then undergoing an examination by the board. So that under the present law, whether he has a diploma or not, or a dozen diplomas, as for that matter, the law does not provide that he may record them, or either of them, as his authority to practice medicine, but they may be used by him as evidence before the board to avoid an examination for a certificate by that means and thereby procure the verification license provided for by said Act. Therefore, the allegation in said indictment

italicized where above quoted,—these words: *"Or a diploma from some accredited medical college,"* are clearly surplusage in the indictment herein and should be so regarded under the unquestioned authority in this State. These words in this indictment are in no manner necessary to a description of the offense charged and are in no manner essential to constitute the offense and can be entirely omitted without effecting the charge against appellant and without detriment to the indictment. For these principles and the authorities establishing them, see Goodwin v. State, 70 Texas Crim. Rep., 600, 158 S. W. Rep., 274; Smith v. State, 70 Texas Crim. Rep., 68, 156 S. W. Rep., 645; Branch's Crim. Law, sec. 905; Creed v. State, 69 Texas Crim. Rep., 464, 155 S. W. Rep., 240; Thompson v. State, 69 Texas Crim. Rep., 31, 152 S. W. Rep., 893; Judge White's Ann. C. C. P., sec. 382; and cases there collated by him.

It is unnecessary to discuss this question, or cite other authorities. The writer hereof is clearly of the opinion that even if the allegation in said indictment complained of should be held to be disjunctive, such allegation is proper and does not make the indictment bad under article 473, Code Criminal Procedure, which is: "When the offense may be committed by different means or with different intents, such means or intents may be alleged in the same count in the alternative." This, in his opinion, the Legislature had the power and authority to enact and this court can not ignore, nor repeal it. Thereby the former rule which prevailed at common law and in this State, that the conjunctive should be used, is no longer the law. Whenever the question arises where it is necessary to so hold, this writer will discuss the question and the authorities and undertake to maintain that said article is the law of this State, and that this court is bound thereby and can not repeal it. It is unnecessary to do that in this case.

The appellant is mistaken wherein he insists in his brief in this cause that the question of former jeopardy arose. That question did not arise in this case but in another case against the same appellant this day decided.

The evidence is amply sufficient to sustain the verdict. No other question is raised and presented in such a way as to require this court to review it and no error is shown in the trial. The judgment is, therefore, affirmed.

*Affirmed.*