# JUNE, 1914

### Henry Young v. The State.

#### No. 3156.  Decided June 3, 1914.

**1.—Unlawfully Practicing Medicine—Information—Residence.**

Where, upon trial of illegally practicing medicine, the information failed to allege defendant's residence and that he had not registered in the district clerk's office of the county in which he resides, his authority for so practicing together with his age, postoffice address, etc., the same was fatally defective. Following Marshall v. State, 56 Texas Crim. Rep., 205, and other cases.

**2.—Same—Legislative Construction.**

Several Legislatures of the State having been in session since articles 750 and 755, Penal Code, were construed by this court, and that an allegation of defendant's residence, etc., was necessary, and the law not having been changed as revised, such judicial construction was thereby approved.  Overruling Stiles v. State, 66 Texas Crim. Rep., 665, 148 S. W. Rep., 326.

Appeal from the County Court of Navarro.  Tried below before the Hon. R. R. Owen.

Appeal from a conviction of illegally practicing medicine; penalty, a fine of $50 and one day's confinement in the county jail.

The opinion states the case.

*Jack & Jack,* for appellant.

*C. E. Lane,* Assistant Attorney General, for the State.

PRENDERGAST, Presiding Judge.—Appellant was prosecuted and convicted for unlawfully practicing medicine under articles 750 et seq., Penal Code.

The complaint and information is in two counts.  The first avers that he on or about October 1, 1912, in Navarro County, "Did then and there unlawfully practice medicine, and did then and there publicly profess to be a physician and did then and there treat a physical disorder and disease, towit: did then and there treat a cancer then and there afflicting the body of Mrs. J. T. Bolt, the said Henry Young not then and there being licensed and authorized under the laws of Texas to practice medicine and not then and there practicing medicine under the provisions of the laws of Texas and not then and there being a physician under a diploma of a reputable and legal college of medicine."  The second count is that on the same day in said county, he "Did then and there treat and offer to treat a disease and disorder, towit: a cancer on the body of Mrs. J. T. Bolt, and did then and there offer to effect a cure thereof and did then and there charge therefor money and other compensation, the said Henry Young not then and there being a phy-

sician licensed to practice medicine under the laws of Texas and not then and there being a legal practitioner of medicine in Texas under the provisions of the laws of this State and not then and there being a practitioner of medicine under a diploma of a reputable and legal college of medicine."

It is seen that in neither of said counts is appellant's residence alleged, nor that he "has not registered in the district clerk's office of the county in which he resides his authority for so practicing together with his age, postoffice address, etc."

The statute under which he was prosecuted is articles 750 and 755, Penal Code. They are:

"It shall be unlawful for anyone to practice medicine, in any of its branches, upon human beings within the limits of this State who has not registered in the district clerk's office of the county in which he resides, his authority for so practicing, as herein prescribed, together with his age, postoffice address, place of birth, school of practice to which he professes to belong, subscribed and verified by oath; which, if wilfully false, shall subject the applicant to conviction and punishment for false swearing as provided by law. The fact of such oath and record shall be indorsed by the district clerk upon the certificate. The holder of the certificate must have the same recorded upon each change of residence to another county, and the absence of such record shall be prima facie evidence of want of possession of such certificate." (Art. 750.)

"Any person shall be regarded as practicing medicine within the meaning of this act: (1) Who shall publicly profess to be a physician or surgeon, and shall treat, or offer to treat, any disease or disorder, mental or physical, or any physical deformity or injury, by any system or method, or to effect cures thereof. (2) Or who shall treat, or offer to treat, any disease or disorder, mental or physical, or any physical deformity or injury, by any system or method or to effect cures thereof, and charge therefor, directly or indirectly, money or other compensation." (Art. 755.)

Very soon after the Act of the Legislature of 1907, p. 225, prescribing this offense, the sufficiency of the State's pleadings on these two points was expressly decided by this court in Marshall v. State, 56 Texas Crim. Rep., 205, and Lockhart v. State (2 cases), 58 Texas Crim. Rep., 73 and 80, and it was expressly held therein that it was essential to allege the residence of the accused and that he had not registered his authority or license in the district clerk's office of the county of his residence. Several Legislatures of the State have had sessions since then, and, in addition, the Revised Penal Code was adopted, and at no time and in no way has the Legislature changed the said Act as originally enacted.

We have again carefully considered this whole Act and are of the opinion that because of the language thereof, both of said allegations are necessary and an indictment or complaint and information which omits them is fatally defective. It probably would be sufficient if the

pleading should allege that the accused's residence is unknown, or that he is a non-resident of the State, as the case may be, and that he has not registered his certificate of authority to practice in the county where it is alleged he has unlawfully practiced; but it is unnecessary for us to decide that question in this case.

We erroneously held the information in Stiles v. State, 66 Texas Crim. Rep., 665, 148 S. W. Rep., 326, sufficient where it omitted said allegations and that case on that point is hereby expressly overruled.

Because the information in this case is fatally defective in the two particulars above mentioned, the judgment is reversed and the cause dismissed.

*Dismissed.*