D. M. HICKS v. THE STATE.

No. 5991.   Decided December 1, 1920.

Rehearing denied February 2, 1921.

1.—Unlawful Practice of Medicine—Chiropractor—Statutes Construed.

A chiropractor who has not registered with the district clerk of the county in which he operates either a certificate of some authorized board of medical examiners or a verification certificate such as is required by law, is guilty of unlawfully practicing medicine under Article 750, Penal Code.

**2.—Same—Indictment—Age—Postoffice Address—Pleadings.**

It is not essential that an indictment, which alleges a failure to register with the district clerk the documents evidencing defendant's authority to legally practice medicine, should also allege defendant's failure to register his age, post-office address, etc., but the indictment is sufficient without this allegation, as either condition constitutes an offense.

**3.—Same—Conflict of Laws—Statutes Construed—Constitutional Law—Indictment—No Discrimination—Schools of Medicine.**

Upon trial of unlawfully practicing medicine, a motion to quash the indictment because of a conflict between Articles 5741 and 5742, Civil Code, was correctly overruled, as no such conflict is apparent, neither is there any discrimination in said articles against any school or system of medical practice which would render the medical Act unconstitutional, under Article 16, Section 31, Constitution of Texas. The law is made equally for all who fairly come within its comprehension, and prescribes no examination conforming to the technical requirements of any school or branch of medical practice.

**4.—Same—Rehearing—Statutes Construed—Indictment.**

One wishing to practice medicine in this State must file with the district clerk the proper certificate required by law, and in addition he must also file a document stating his age, post-office, etc., which he must sign and swear to himself, and he may be prosecuted as an illegal practitioner of medicine for failure to file either instrument, according to the facts, but it would not be necessary upon prosecution for failure to file only one of same for the indictment to allege the failure to file the other. Distinguishing Calcoat v. State, 37 Texas Crim. Rep., 245.

**5.—Same—Different Schools of Medicine—Judicial Knowledge—Examination.**

This court has no means of judicially knowing that the subjects named by our statutes upon which examination must be had by one desirous of practicing medicine are those pertaining only to alopathic practice. Such proposition would be a matter of fact and cannot be noticed by this court.

Appeal from the County Court of Anderson. Tried below before the Honorable Mills Q. Reeves.

Appeal from a conviction of unlawfully practicing medicine; penalty, a fine of $50.

The opinion states the case.

*A. G. Greenwood* and *A. M. Barton,* for appellant.—On question of insufficiency of the indictment: Young v. State, 157 S. W. Rep., 151.

On question of discrimination: State v. Henman, 65 N. H., 103; State v. Gravett, 65 Ohio State, 289; State v. Biggs, 133 N. C., 729; People v. Gordon, 194 Ill., 560, and cases cited in opinion.

*Alvin M. Owsley*, Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the County Court of Anderson County of unlawfully engaging in the practice of

medicine, and his punishment fixed at a fine of $50 and one hour in the county jail.

Our statutes, Chapter 6, Title 12, Vernon's Penal Code, contain many provisions governing and defining the unlawful practice of medicine in this State, and since the passage of the law of 1907, there have been many cases in the courts, in which men who practiced the healing art in various ways, have made known their objections to certain provisions of this law, and have called in question the constitutionality of the same. In the instant case, appellant was shown to be a chiropractor, operating in Palestine, Anderson County, and not having registered with the District Clerk of said County, either a certificate of some authorized board of medical examiners, or a verification certificate, such as is required by the terms of said Chapter, he was indicted and convicted, as stated. Upon his trial, he attacked the sufficiency of the indictment by motion to quash, the first ground of which was that said indictment, in addition to the allegations of failure to file the certificates above mentioned, should have stated that appellant did not register his age, postoffice address, place of birth, or school of practice to which he professes to belong, with said clerk. An inspection of Article 750, of our Penal Code, discloses that one who desires to legally practice medicine in this State, must first register with the district clerk of the county of his residence, the document evidencing his authority to so practice, which document is either a verification certificate, such as is provided in Article 752 P. C., or a certificate from a Board of Medical Examiners, such as is provided in Article 753 P. C.; and in addition to such certificate, he must also give under oath his age, postoffice address, place of birth, etc.

Appellant was not charged in this case with failing to record with the district clerk these latter facts under oath, but only with having failed to register a proper certificate. It seems clear that even though some character of document under oath setting out the age, address, place of birth, etc. of appellant, had been filed with said clerk, this would not have met the demands of the law, and that in such case, if one who had filed such statement attempted to practice medicine without registering the required certificate, he would be held guilty of violating the law. It follows that we are of opinion that failure to file such certificate would be of itself a violation of the law, whether the remainder of the requirements with regard to age, birth, etc., were complied with or not, and that an allegation of failure to file such certificate as a condition precedent to the practice of medicine, would be sufficient. We do not find anything in Young v. State, 74 Texas Crim. Rep., 133, 167 S. W. Rep., 1112, cited by apepllant, which holds to the contrary. Said opinion merely concludes that it must be alleged that the necessary papers were filed with the district clerk of the county of the practitioner's residence. In said opinion, Lockhart v. State, 58 Texas Crim. Rep., 73, and Marshall v. State, 56 Texas Crim. Rep., 205, are cited as supporting authorities, and each of them is a decision

wholly on the point that such papers must be filed in the county of residence.

In Byrd v. State, 72 Texas Crim. Rep., 242, 162 S. W. Rep., 360, the same learned judge who wrote in the Young case, *supra,* upheld an indictment identical in legal effect and terms with that now before us.

A second ground of said motion to quash, is based on the proposition that Article 5741 of our Civil Code, and Article 5742 thereof, conflict with each other, in that the former prescribes certain subjects upon which every applicant for license to practice medicine must stand an examination, while the latter specifically provides that nothing in this law—referring to the law of medical examination—shall discriminate against any school or system of medical practice. Neither the trial court, nor this court, is informed by this motion wherein the said conflict arises. The mere statement that there is a conflict, or that the terms of one article are contradictory of another presents nothing demanding favorable judgment, unless there be something in the language or construction in one of said articles which is in fact in conflict with the other. The only matter before the trial court, in passing on this motion, or before this Court in reviewing such action, was and is, whether in Article 5741, anything appears which is in conflict with Article 5742. The respective Articles are as follows:

"Art. 5741: All examinations shall be conducted in writing, and in such manner as shall be entirely fair and impartial to all individuals and every school of medicine, the applicants being known by numbers, without names or other method of identification on examination papers by which members of the board may be able to identify such papers, until after the applicants have been granted licenses or rejected. Examinations shall be conducted on the scientific branches of medicine only, and shall include anatomy, physiology. chemistry, histology, pathology, bacteriology, physical diagnosis, surgery, obstetrics, gynecology, hygiene and medical jurisprudence. Upon satisfactory examination under the rules of the board, applicants shall be granted licenses to practice medicine. All questions and answers, with grades attached, shall be preserved for one year. All applicants examined at the same time shall be given identical questions in each of the above branches. All certificates shall be attested by the seal and signed by all members of the board, or a quorum thereof."

"Art. 5742: Nothing in this law shall be so construed as to discriminate against any particular school or system of medical practice. This law shall not apply to dentists legally qualified and registered under the laws of this State who confine their practice strictly to dentistry; nor to nurses who practice only nursing; nor to masseurs, in their particular sphere of labor, who publicly represent themselves as such; nor to commissioned or contract surgeons of the United States army, navy or public health and marine hospital service, in the performance of their duties, but such shall not engage in private practice without license from the board of medical examiners; nor to legally qualified

physicians of other States called in consultation, but who do not open offices or appoint places in this State where patients may be met or called to see. This law shall be so construed as to apply to persons other than licensed druggists of this State not pretending to be physicians, who offer for sale on the streets or other public places remedies which they recommend for the cure of disease."

We confess ourselves unable to find anything in either of these articles which conflicts with the other. It is substantially provided in Article 5741 that the applicant for medical examination, may keep his medical beliefs and scholastic affiliations, as well as identity, a secret from the examiners, being known to them only as a number, and said article also directs that the examination must be fair and impartial, both as to individuals and schools of medicine. Article 5742 commands such construction of the law in its application as shall not be discriminatory against any school or system of medical practice, and names certain near-medical professions which shall not be held as within the pale of the provisions of Chapter 6, *supra*.

We frankly admit that it seems to us that appellant has mistaken his remedy. There is nothing in the articles named which is conflicting. It appeared on the trial that appellant did not use, or believe in the use of medicine, but that he practiced adjustments of the spinal column, for which, as testified by his wife, the usual fee was $25 for twenty-six adjustments, it being claimed that by such treatment tuberculosis, tonsilitis, smallpox, eczema, appendicitis, and various other ailments could be cured. Appellant seems to believe that in order to so treat human beings as a business in this State, it is not necessary for him to have to stand an examination in anatomy, physiology, chemistry, and the other subjects named in Article 5741, *supra,* or to have a certificate, as required by Articles 752-753 of our Penal Code, and he seems to think that to so require such of him is discriminatory. It seems to us that this is a complaint directed at Article 755 of our Penal Code, which makes any one a practitioner of medicine within the terms of said Chapter 6, *supra,* who treats any disease, disorder, or injury, for compensation. A motion to quash the indictment could not be sustained upon any such ground as that the facts when developed, would show that the accused belongs to a class that ought possibly to be now added by the Legislature as another exemption from the terms of this Chapter.

The facts were not before the trial court when he overruled the motion to quash, and could not be . These facts were for the Legislature. The practice of medicine affects the lives and well being of all our citizens, and in all its phases as a public business, is well within the legitimate police powers of the State. It is not to be supposed that the Legislature would arbitrarily fix unreasonable limitations upon so vital a matter as the general requirements for examination, applicable alike to all who desire to engage in the high calling of the practice of medicine, but, on the contrary, we must presume that upon facts pre-

sented to the Legislature, which would show that chiropractors ought to be exempted from the provisions of Chapter 6, the laws would be so amended or changed as to effect that object. We have no right to judicially assume as to the facts which were before the Legislature when they passed the law in question, whether same was urged by allopaths, homeopaths, osteopaths, optometrists, chiropractors, chiropodists, or ophthalmologists. The law as a law, appears to be made equally for all who fairly come within its comprehension, and as far as we know prescribes no examination conforming to the technical requirements of any school or branch of medical practice; and is not violative of the tenets of Article 16, Section 31, of our Constitution, which commands laws prescribing the qualifications of physicians, and forbids preference by law to any school of medicine. The constitutionality of this law has been often passed on by the courts. Germany v. State, 62 Texas Crim. Rep., 276; Kennedy v. Schultz, 6 Texas Civ. App., 462, 25 S. W. Rep., 667; Ex parte Collins, 57 Texas Crim. Rep., 2, 121 S. W. Rep., 501; Newman v. State, 58 Texas Crim. Rep., 224; Kellogg v. State, 58 Texas Crim. Rep., 84, 124 S. W. Rep., 131; Byrd v. State, 72 Texas Crim. Rep., 242, 162 S. W. Rep., 361.

Appellant cites Ruling Case Law, pages 354 and 355, as sustaining his contention that this law is discriminatory. We quote from said work, on page 355, as follows:

. . . "It is reasonable to prescribe that all followers of the healing art, no matter of what school, shall be subjected to a general examination, for no one is well qualified to deal with disease who does not understand disease, and so, though the only qualification that a Christian Science healer might claim to need is an ability to pray fervently and effectively, yet the safety of the people of the State may demand that such healer be able to appreciate the nature and danger of the diseases with which he comes in contact." ·

We have carefully examined the various contentions made by appellant in his motion for new trial and brief, but being unable to agree with the correctness of same, the judgment of the trial court will be affirmed.

*Affirmed.*

ON REHEARING.

February 2, 1921.

LATTIMORE, JUDGE.—In his motion for rehearing appellant insists that the indictment is defective because same does not state that he failed to register his age, postoffice address, place of birth and school of practice, with the District Clerk. One wishing to practice medicine in this State must file with his district clerk a certificate. In addition, he must also file a document stating his age, postoffice address,

place of birth and school of practice. This latter document he must sign and swear to himself. He may be prosecuted as an illegal practitioner of medicine for failure to file either instrument, according to the facts, but it would not be necessary upon prosecution for failure to file only one of same for the indictment to allege the failure to file the other. The Calcoat case cited, 37 Texas Crim. Rep., 245, 39 S. W. Rep., page 364, does not support appellant's contention or present an analogous principle. Calcoat was indicted for violating the primary election law. It was alleged in the indictment that at the time of said primary election he was not a legal voter in Taylor County. The indictment was held bad by us because it did not contain the allegation that appellant would not have been a qualified voter in the next succeeding general election. The language used in that opinion was that this being the essential element of the offense it must be averred in the indictment. The principle of that case has no application here. The element omitted in the instant case was not an essential ingredient and was not necessary.

We are unable to find anything discriminatory in Article 5741 of our Civil Statutes; tho we might observe that this prosecution is under the provisions of Chapter 6 of our Penal Code. We have no means of judicially knowing that the subjects named by our statutes upon which examination must be had by one desirous of practicing medicine, are those pertaining only to alopathic practice. Matters going to sustain such proposition would be matters of fact and not of law and not facts of such a general knowledge as to enable this court to take judicial recognizance thereof.

The motion raises but these two questions. It will be overruled.

*Overruled.*