### J. LESS v. THE STATE.

No. 6898. Decided December 20, 1922.

1.—Practicing Medicine—Information—Defendant's Residence.

Where two counts of the information charged that the residence of the defendant was unknown, and also alleged that defendant had no authority

to .pratice medicine in Uvalde County, or any other county in Texas, a motion to quash on the ground that ·such· allegation of unknown counties did not meet the requirements of the law, was correctly overruled. Distinguishing Hicks v. State, 88 Texas Crim. Rep., 438, 227 S. W. Rep., 303, and other cases, following Rutherford v. State, 79 Texas Crim. Rep., 605.

**2.—Same—Charge of Court—Certificate of Registration—Other Counties.**

Where the State made no effort to prove a failure on the part of the defendant to have his certificate registered, either in Dallas or Jefferson counties, where the evidence showed he had resided, and introduced no evidence supporting the allegation in the third and fourth counts of the information to the effect that ne had no authority to practice medicine in any county of the State (except his failure to register in Uvalde County) the court should not have submitted to the jury the third and fourth counts, and instruct them that the absence of the record was prima-facie evidence that defendant had no certificate of authority.

**3.—Same—Charge of Court—Residence—Statutes Construed—Words and . Phrases.**

Where the court charged the jury that the term, "The county in which he resides," as found in Article 750, P. C., is used in a sense which includes those who are actually stated dwellers in said county, although they might have a technical residence elsewhere, and if the jury believed from the evidence that defendant was an actual dweller in the county of the prosecution at the time he practiced medicine, and had removed from some other place- and brought his wife and child with him and was keeping house in said county and had come there for the purpose of remaining some time to practice medicine, etc., then his residence would be in said county of the prosecution, and refused defendant's requested charge defining residence to be the true, fixed and permanent home of defendant and to which he intends to return, etc., there was no reversible error, although the main charge was on the weight of the evidence, but no objection was raised thereto on this ground. However, the word residence as used in the statute should be given its ordinary meaning.

Appeal from the County Court of Uvalde. Tried below before the Honorable Ditzler H. Jones.

Appeal from a conviction of violating the medical practice Act; penalty, a fine of $100 and fifteen hours confinement in the county jail.

The opinion states the case.

*T. M. Milan* and *G. B. Fenley,* for appellant.—Cited: Lockhart v. State,. 124 S. W. Rep., 923; Marshall v. State, 119 id., 310; Young v. State, 167 id., 1112; Hicks v. State, 227 id., 303.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, J~~UDGE~~.—Conviction is for violating the medical practice act; punishment being a fine of one hundred dollars and fifteen days confinement in the county jail.

The information contains four counts; one and two alleged that appellant resided in Uvalde County, and practiced medicine therein without first registering with the district clerk his authority to so prac-

tice; the third and fourth counts allege that he county of his residence was unknown, and that he practiced medicine in Uvalde County without first registering with the district clerk of the unknown county of his residence his authority to practice medicine, and further charges that in fact he had no authority to so practice in Uvalde County or any other county in Texas.

Motion was made to quash the third and fourth counts because they failed to allege the county of appellant's residence. It is asserted that the allegation that the county of his residence was unknown, and that he failed to register his authority in such unknown county does not meet the requirements of the law. In support of this proposition we are cited to Lockhart v. State, 58 Texas Crim. Rep., 80, 124 S. W. Rep., 923; Marshall v. State, 56 Texas Crim. Rep., 205, 119 S. W. Rep., 310; Young v. State, 74 Texas Crim. Rep., 133, 167 S. W. Rep., 1112, and Hicks v. State, 88 Texas Crim. Rep., 438, 227 S. W. Rep., 303. These cases do not support appellant's proposition. An examination thereof will show that there was an entire failure to allege the county of the appellant's residence at all, and no allegation in any of such cases that the county of his residence was unknown. Rutherford v. State, 79 Texas Crim. Rep., 605, 187 S. W. Rep., 481, is direct authority sustaining the sufficiency of the third and fourth counts. As suggested in the opinion in that case the pleader in the instant one, after alleging the failure of appellant to register his authority in the county of his unknown residence, went further and also averred that he was without authority to practice medicine in Uvalde County or any other county in Texas. If the State could have proved this latter averment, it would have sustained an allegation that he failed to register his authority in any county in Texas.

It was established that appellant practiced medicine in Uvalde County, and that he had not registered with the district clerk of that county his authority for engaging in such practice. Upon the question of his residence the only evidence we find is substantially as follows: One witness testified that he had a sign on his office which had on it, "Dr. Less." Appellant told this witness that he had lived in Dallas, Texas, and had come from Dallas to Uvalde; that while in Uvalde he stayed for a while at Mrs. Dubose's and then went to Mrs. Greaves where he had rooms; that his wife and child were with him in Uvalde, and they did light housekeeping; that he had been in Uvalde for only a short time when he first treated this witness, and told witness he would be in Uvalde for only a short time. Another witness testified that appellant had told witness he had some property in Dallas and an office and home there; that he would have to go back to Dallas and dispose of his property there; that if he could get sufficient practice in Uvalde he would close up his office and business in Dallas; that he had come to Uvalde for his health and rest, and would not be there

longer than three or four months.  He also told this witness he had
lived at Port Arthur, Texas.  Mrs. Dubose testified that appellant
came to her house in Uvalde about the 12th of September and she
let him have two furnished rooms in which he and his wife and child
lived until the 23d of October, when they moved to Mrs. Greaves
where they resided at the time of the trial.  They did their own cook-
ing and ate in the rooms and slept there.  Appellant told this witness
he had been living in Dallas, Texas, and also at Port Arthur, and
said his intention was to go back to Dallas.

In this state of the record appellant reserved exceptions to the
court submitting the third and fourth counts on the ground that the
evidence did not warrant it.  Article 750, P. C., makes it unlawful
for anyone to practice medicine who has not registered in the district
clerk's office of the county in which he resides his authority for so
practicing, and provides that the holder of a certificate to practice
medicine must have the same recorded upon each change of residence
to another county, "and the absence of such record shall be *prima-
facie* evidence of the want of possession of such certificate."    If
appellant resided in Uvalde County, then his failure to register with
the district clerk of that county his certificate would under the law
be *prima-facie evidence* of the want of such certificate; if he did not
reside in Uvalde County, the law required him to register his cer-
tificate in the county of his residence wherever it might be, and there-
fore, the failure to register in Uvalde County (if he did not reside
there) would be no evidence of his want of possession of such cer-
tificate.  The State made no effort to prove a failure to have his cer-
tificate registered either in Dallas County or in the county in which
Port Arthur is situated, and introduced no evidence supporting the al-
legations in the third and fourth counts of the information to the
effect that he had no authority to practice medicine in any county of
the State, save as it might be inferred from the failure to register his
authority in Uvalde County.  We believe appellant's position to be
sound, and that the trial court should not have submitted the third
and fourth counts to the jury.  They were instructed that the ab-
sence of the record was *prima-facie* evidence that he had no certificate
of authority.  This authorized conviction under the third and fourth
counts even though the jury might have found that he did not reside
in Uvalde County.

The court charged the jury that the term "the county in which he
resides" as found in Article 750 P. C. "is used in a sense which in-
cludes those who are actual stated dwellers in said county, although
they might have a technical residence elsewhere, and if you believe
from the evidence that J. Less was an actual dweller in Uvalde County,
Texas, at the time that he practiced medicine, if he did so, and that
he had removed from some other place, and brought his wife and
child with him, and was keeping house with such wife and child in said

Uvalde County, Texas, and had come to Uvalde County, Texas, for the purpose of remaining some time, and practicing medicine (if he did so intend) . . . then and in that case he would be residing in Uvalde County, Texas, within the purview of said law."

Appellant excepted to the charge in question as containing an incorrect definition of "residence," and requested the court to give the following charge upon that subject:

"The residence of a person is where he has his true, fixed and permanent home, and to which, whenever he is absent, he has the intention of returning."

We have been cited to no authority in our State by either party where the question of "residence" as applied to the law in question has been construed. It may be helpful to revert to Article 440 of the old Penal Code, which present Article 750 superseded. Article 440 provided that it shall be unlawful for any person to engage in the practice of medicine without having first filed certificate for record with the clerk of the district court in the county in which such person may reside or "sojourn." When the law was amended the word "sojourn" was omitted therefrom and only required one desiring to practice medicine to register his authority with the district clerk of the county in which he "resides." It must be assumed that the Legislature used the terms in their ordinary meaning, and omitted "sojourn" designedly. The Century Dictionary defines the word "sojourn" as "To dwell for a time: dwell or live in a place as a temporary resident, or as a stranger, not considering the place as a permanent habitation; a temporary stay or residence, as that of a traveler." The same authority defines "residence" as "To dwell permanently or for a considerable time; have a settled abode for a time, or a dwelling, a home." It may be seen from the foregoing definitions that the word "residence" includes the idea of more permanency than that of "sojourn" and it must be presumed that the Legislature had this in mind at the time they omitted from the present statute the latter word. Under the definition of "residence" contained in the requested charge the whole question of residence would turn upon the intention of the party. Under that construction if appelllant had his home in Dallas, though he might reside in Uvalde County for a number of years, if he had the intention of returning ultimately to his home in Dallas, he could not be prosecuted for failing to register in Uvalde County. We do not think such to have been the intention of the Legislature. The law contemplated that the practitioner of medicine, like any other citizen, might change his residence from one county to another and provided for registering his authority to practice upon making said change. There is very little difference between the meaning of the terms residence and domicile. We take the following quotation from State v. De Casinova, 1 Texas, 401: "But turning from our own statutes and glancing for a moment at the doctrines as laid down in

works of established authority, we find 'domicile' described to be the true, fixed, permanent home of a person, and to which, whenever he is absent, he has an intention of returning."

Appellant appears to have taken the special charge requested from this portion of one paragraph from the Casinova case, but immediately following the above quotation and completing the paragraph occurs this language: "Residence and intention to make it a home must concur to constitute a domicile, and when a person has actually removed to another place with an intention of remaining there for an indefinite time, and as a place of present domicile, *it becomes his place of domicile, notwithstanding he may have a floating intention to return at some future period.*"

The idea suggested in the latter portion of the quotation was omitted from the special charge requested, but was embraced to some extent in that given by the court. We are not to be understood as commending either the form or substance of the charge given. It was upon the weight of the evidence, but no objection was urged against it for that reason. We are of opinion the word "reside" as used in the statute should be given its ordinary meaning as heretofore indicated.

Reverting to the contention of appellant that the court was in error in submitting the third and fourth counts to the jury, we add to what has already been said in the first part of this opinion, that the jury may have found that appellant did not reside in Uvalde County, and based the verdict upon those counts which were improperly submitted.

The judgment must be reversed, and the cause remanded.

*Reversed and remanded.*