D. D. BARRETT v. THE STATE.

No. 11738. Delivered June 6, 1928.

The opinion states the case.

*N. C. Walker* of San Saba, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for unlawfully practicing medicine. Punishment is by fine of $100 and imprisonment in the county jail for 24 hours.

Conviction was under the first count of an indictment which averred that appellant practiced medicine and treated one Ben Lewis in San Saba County, in which county it was averred appellant resided without having registered in the district clerk's office of said county the authority of appellant to so practice.

Appellant contends that this conviction can not stand (1) because the evidence fails to show that the offense, if any, occurred in San Saba County, and (2) because the evidence fails to show that appellant resided in said county.

Art. 847 C. C. P. provides that this court shall "presume that the venue was proven in the court below * * * unless such matter was made an issue in the court below, or it affirmatively appears to the contrary by a bill of exceptions approved by the trial judge."

The issue was raised in the trial court by a motion for an instructed verdict, one ground of which was that the state had failed to prove venue, and the point is properly before us by a bill of exception certified by the trial judge as containing all the evidence upon the issue. Art. 739 P. C. makes it necessary for one to practice medicine lawfully to have registered in the district clerk's office in the county in which such practitioner resides his authority to so practice. The state alleged that appellant resided in San Saba County. Such averment was necessary. It was also indispensable that the state support such allegation by proof. Lockhart v. State, 58 Tex. Cr. R. 80, 124 S. W. 923; Marshall v. State, 56 Tex. Cr. R. 205, 119 S. W. 310; Young v. State, 74 Tex. Cr. R. 133, 167 S. W. 1112; Hicks v. State, 88 Tex. Cr. R. 438, 227 S. W. 302; Less v. State, 93 Tex. Cr. R. 155, 246 S. W. 382.

The only evidence found in the bill of exception—or for that matter, in the entire statement of facts—touching the residence of appellant or that the offense was committed in San Saba County is the testimony of Lewis, which in substance was that he lived "near

Cherokee," that he had known appellant about three years during which time appellant lived in "Cherokee"; that he paid appellant for his professional services in appellant's office in "Cherokee." There is no proof that said place was in San Saba County and this court can not take judicial knowledge that it was so situated, or that Lewis lived in said county because he testified that he lived "near Cherokee." Boston v. State, 54 Tex. Cr. R. 383; Stewart v. State, 19 S. W. 908; Terrell v. State, 41 Texas 463; Hoffman v. State, 12 Tex. Cr. App. 406. Proof that the place mentioned was in San Saba County could have been easily made, if such was the fact, and attention of the court below was called to the matter at a time when the proof could have been supplied. We have no option but to reverse the judgment and remand the cause for a new trial.

*Reversed and remanded.*