GRADY REASONER V. THE STATE.

No. 22750. Delivered February 9, 1944.
On Motion to Reinstate Appeal March 22, 1944.

The opinion states the case.

*Charles Nordyke,* of Stephenville, and *J. R. Creighton,* of Mineral Wells, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was charged by indictment with disposing of mortgaged property with intent to defraud. The punishment assessed is confinement in the state penitentiary for a period of two years.

The State's Attorney moves to dismiss the appeal because of the insufficiency of the recognizance in that it is not in compliance with Article 817, C. C. P. An examination of the recognizance reveals that it fails to provide that the defendant shall abide the judgment of the Court of Criminal Appeals; that it fails to stipulate that the obligation shall be joint and several in its liabilities of the sureties; and that it fails to show that the defendant was convicted of a felony. The recognizance not being in conformity with the statutory requirements, this court has not acquired jurisdiction of the case. See Sanders v. State, 83 Tex. Cr. R. 110; Furnace v. State, 157 S. W. (2d) 893; Dickerson v. State, 167 S. W. (2d) 522; Schroeder v. State, 154 S. W. (2d) 480, and cases cited.

Therefore, the State's motion is granted and the appeal is dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION TO REINSTATE APPEAL.

KRUEGER, Judge.

On a former day of this term the appeal was dismissed for the want of a sufficient recognizance. Since then appellant has filed a motion to reinstate the appeal accompanied by a corrected recognizance. Therefore, the appeal is reinstated and the case will now be considered and disposed of on its merits.

By bills of exception appellant brings forward a number of complaints. The first relates to the court's action in overruling his motion for an instruction to the jury to acquit him on the ground that the State had failed to prove venue of the offense in Palo Pinto County, as charged in the indictment.

The record reflects that on the 30th day of September, 1939, appellant made and delivered to W. E. Jones a note in the sum of $300.00, payable to W. E. Jones, or order, at Gordon, Texas, on or before the 30th day of October, 1939; and to secure the prompt and punctual payment thereof when due, he (appellant) at the same time made and delivered to Jones a mortgage upon one 1939 Chevrolet DeLuxe Coupe automobile, the motor number of which was 1925096, and the license number being 493-459; that thereafter on or about the 11th day of October, 1939, appellant sold the automobile at Weatherford, in Parker County, to one Frank McEntire for the sum of $210.00.

Appellant's defense, supported by evidence, was that Jones authorized him to sell the car as the expense of storage in a garage at Weatherford was daily increasing; that in compliance with the request of Jones, he sold it for $210.00, of which amount he paid Jones $175.00 on the note and withheld $35.00 in part payment of an indebtedness due him by Jones. However, the question of venue was made an issue in the trial court, as disclosed by the motion for an instruction to acquit, on the ground that the State had failed to prove venue of the offense to be in Palo Pinto County. The court overruled the motion on the ground that under Article 198, C. C. P., the defendant may be prosecuted either in the county in which the mortgaged property was disposed of, or in the county from which it was removed, or in which the lien on it was registered. If the State met either of the statutory requirements, then the court's ruling must be sustained. That the automobile was sold in Parker County and not in Palo Pinto County is sustained by the evidence introduced by the State. There is not any evidence from any source that the mortgage was ever registered in Palo Pinto County. Hence those two grounds upon which venue of the offense in Palo Pinto County might have been sustained pass out of the case. Consequently, the only other ground upon which

venue could be laid in Palo Pinto County was that at the time the mortgage was given, the automobile was in said county and subsequently removed to Parker County and there disposed of by the appellant without the consent of the mortgagee. Now, what proof is there in the record that the mortgaged property was located in Palo Pinto County? None, except a sterotyped statement in the mortgage that appellant would not remove, or permit the same to be removed, from the county where he resides without the written consent of the mortgagee. It is true that the evidence shows that appellant resided in Palo Pinto County, but this would not show that the automobile at the time the mortgage was given was in said county, nor is there any evidence that he carried the automobile from Palo Pinto County to Parker County after the mortgage was given. However, the State contends that the evidence shows that on Sunday before the note became due, Jones heard it rumored that the automobile had been sold. He did not then talk to appellant about it as it was just three days until the note became due, and he waited until the note matured when he spoke to him about it; then when he did inquire of appellant about the car, he told him (Jones) that the car was at Weatherford being fixed up just as he had told him before. If Jones had no conversation with appellant since the mortgage was given until after he heard the car had been sold, then at what time was it that appellant told him the automobile was at Weatherford being fixed up? The only logical conclusion to be drawn from that statement is that appellant told Jones at the time the mortgage was given that the car was at Weatherford being fixed up. If the automobile was in Palo Pinto County when the mortgage was given and subsequently removed from said county to Parker County without the consent of the mortgagee, it would have been an easy matter for the State to have proven it. See Barrett v. State, 110 Tex. Cr. R. 258; Robertson v. State, 137 Tex. Cr. R. 535.

In view of the disposition we are making of this case we pretermit a discussion of the other questions presented.

For the error pointed out the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.